IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHNNY LLOYD, SR.** ) | | |
| **N-03561,** ) | | |
| ) | | |
| **Plaintiff,** ) | | |
| ) | | |
| v. ) | | 12-CV-113-JPG |
| ) | | |
| **RANDY DAVIS, CHARLES** ) | | |
| **DINTLEMAN, K DEEN, SARAH** ) | | |
| **JOHNSON, GLADYSY TAYLOR, S.A.** ) | | |
| **GODINEZ,** ) | | |
| ) | | |
| **Defendants.** ) | | |
| ) | | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for threshold review of the Plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff, who is incarcerated at Pinckneyville Correctional Center, Pinckneyville, Illinois, asserts that he has been subject to a pattern of discriminatory practices of the Defendants who have deprived him of access to recreational activity. Specifically, Plaintiff alleges that the Defendants have denied him access to recreation at the multi-purpose complex while other similarly situated inmates are allowed access, in violation of Equal Protection and rights under the Eighth and Fourteenth Amendments.

## THRESHOLD REVIEW

"A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if. . . it 'fails to state a claim upon which relief can be granted.'"

*Sanders v. Sheahan*, 198 F.3d 626 (7th Cir.1999) (quoting 28 U.S.C. § 1915A(b)(1)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, see *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit has directed that courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. See *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir.2009).

"The screening process allows a judge to dismiss, before service on the defendants, a complaint that is frivolous, malicious, or fails to state a claim." *Gay v. Chandra*, 682 F.3d 590, 595 (7th Cir. 2012) citing,  28 U.S.C. §§ 1915(e)(2)(B), 1915A(a), (b)(1); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir.2003); *Rowe v. Shake*, 196 F.3d 778, 781, 783 (7th Cir.1999).

28 U.S.C. § 1915A, provides:

(a) Screening.- The court shall review, before docketing, if feasible or, in
    any event, as soon as practicable after docketing, a complaint in a civil

> action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such
>
> relief.

### A. Summary of Claims

Plaintiff has named as defendants, Randy Davis, Warden of Pinckneyville, CC, Charles Dintleman, Assistant Warden in charge of Programs, K Deen, Grievance Officer, Sarah Johnson, Administrative Review Board Hearing Officer, Gladysy Taylor, Acting Director of IDOC, S.A. Godinez, Director of IDOC.

The record reveals that plaintiff filed a grievance on June 9, 2011, claiming that he, and other inmates, were denied access to the bathroom in the multi-purpose building while otherwise using the law library, general library and other programs in that building. He claims that when he needed to use the restroom he was removed from the multi-purpose building and was forced to return to housing units to use the bathroom facilities. He then had to forfeit his time in the multi-purpose complex. He claims that although there are restroom facilities on the top floor of the multi-purpose building, inmates are not allowed to use them.

In his complaint, plaintiff changes his claim somewhat from the grievance, and broadly alleges that members of the Pinckneyville staff routinely allow some inmates access to the multi-purpose complex (gym) while others are denied access. He does not, however, mention the bathroom element of that claim in the complaint, nor does he establish *how* certain inmates, including Plaintiff, himself, are treated differently, nor that he receives l treatment based on his

3

being part of a constitutionally protected class, race, religion or age.

### B.   Analysis

"It is a principle of first importance that the federal courts are tribunals of limited subject matter jurisdiction." 13 Charles Alan Wright, et al., Federal Practice and Procedure § 3522 (3d ed.2008). In this case, the Plaintiff is a state prisoner and is currently incarcerated in an Illinois state prison facility as a result of a criminal conviction in Illinois state court. Under 28 U.S.C.1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in the instant case. But the Court's inquiry does not end there. 28 U.S.C. § 1915(e) (2) requires careful threshold scrutiny of the complaint filed by a plaintiff seeking pauper status. The statute requires the Court to dismiss the complaint at any time if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. *Id*.

In this case, Plaintiff is alleging discrimination, but he fails to assert any constitutional grounds to support that discrimination. In addition, even if he had established any basis for his claim of discrimination, he has not alleged any specific activities by any of the named defendants which would lead to a cause of action against the individual defendants.

It is well settled that there is no "respondeat superior" liability under § 1983. *Sanville v. McCauthtry*, 266 F.3d 724, 740 (7th Cir. 2001). Without some allegation of a specific role that each defendant played or discriminatory actions which a defendant took against the Plaintiff, this

complaint cannot survive threshold review.   Therefore, upon careful review of the complaint and all supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A.

### C. Conclusion

Accordingly, the Court **FINDS** Plaintiff's claims of discrimination in the use of the recreational facility at Pinckneyville Correctional Center are frivolous and this action is **DISMISSED** without prejudice.


**IT IS SO ORDERED.**

**DATE:  August 27, 2012**

               *s// J. Phil Gilbert*
               **J. PHIL GILBERT**
               **United States District Judge**